IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:13-CV-00267-F

| | | |
|---|---|---|
| MEGAN R. POWELL and TIMOTHY B. POWELL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | O R D E R |
| RAMESH B. KAMIREDDY and VERISIGN, INC., | ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on Defendants' motion to amend the scheduling order

[DE-18] and Plaintiffs' first motion to compel [DE-21] and motion to strike [DE-28]. The motions

have been fully briefed and are ripe for determination. For the reasons stated below, the motion to

amend the scheduling order, motion to compel, and motion to strike are denied.

## I. BACKGROUND

On September 26, 2013, Megan R. Powell and Timothy B. Powell ("Plaintiffs") filed a

complaint in the Brunswick County Superior Court against Ramesh B. Kamireddy and Verisign, Inc.

("Defendants") alleging negligence and claims arising out of a motor vehicle accident involving

Megan Powell and Ramesh Kamireddy. Compl. [DE-1-1]. On December 13, 2014, Defendants filed

a notice of removal in this court. [DE-1]. On January 30, 2014, the parties filed a joint discovery

plan [DE-13], which was approved and adopted by the court's January 31, 2014 Scheduling Order

[DE-14]. The Scheduling Order provided for the following critical deadlines: reports from

Plaintiffs' experts due June 15, 2014, reports from Defendants' experts due August 1, 2014, and

rebuttal expert reports due September 15, 2014; mediation to be conducted by August 15, 2014;

discovery to be concluded by October 30, 2014; and trial during Judge Fox's February 17, 2015 term of court. [DE-14] ¶¶ 2, 3, 8. The parties' discovery plan, adopted by the court and made part of the Scheduling Order, allowed Plaintiffs' experts to be deposed by July 31, 2014. [DE-13] ¶ 4(d); [DE-14]. On March 6, 2014, the court appointed the parties' selected mediator. [DE-15, -16]. On September 24, 2014, a mediator other than the one appointed by the court filed an interim report indicating the mediation was held on September 15, 2014, but was recessed, to resume on November 6, 2014.[1] [DE-17]. On December 22, 2014, Defendants filed the instant motion to amend the Scheduling Order [DE-18], to which Plaintiffs responded in opposition [DE-20], and Defendants filed a reply [DE-24, -26]. On January 5, 2015, Plaintiffs filed the instant motion to compel [DE-21], to which Defendants responded in opposition [DE-25]. On January 16, 2015, Defendants filed a consent motion for protective order to govern the production of confidential information. [DE-23]. On January 21, 2015, Plaintiffs filed a motion to strike Defendants' reply in support of the motion to amend. [DE-28].

## II. DISCUSSION

A.    **Defendants' Motion to Amend the Scheduling Order [DE-18] and Plaintiffs' Motion to Strike Reply [DE-28].**

Defendants ask the court to (1) extend the time to file rebuttal expert witness reports to January 31, 2015; (2) extend the time to complete depositions and discovery to March 1, 2015; (3) increase the number of depositions that may be taken; and (3) continue the trial of this matter to the court's May 18, 2015 term of court. Defs.' Mot. [DE-18] ¶¶ 1-5. Defendants assert that certain information and expert opinions were first disclosed by Plaintiffs after the discovery and expert

---

[1] The clerk was informed by the mediator's office that the parties cancelled both the November mediation and a subsequent date in December. It is unclear whether the parties have completed the mandatory mediation process.

witness designation deadlines expired, and Defendants require amendment of the scheduling order to address the untimely disclosures. Defs.' Mem. [DE-18-1] at 1-2. Defendants further assert they have diligently conducted discovery throughout the litigation, and the motion is brought in good faith. *Id.* Plaintiffs respond that Defendants have been dilatory in pursing discovery and that Defendants untimely obtained the information and opinions, which Plaintiffs contend are not new, only because Defendants failed to timely take these experts' depositions. Pls.' Resp. [DE-20] at 7-8. The court agrees with Plaintiffs and finds no good cause to alter the Scheduling Order.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'[T]he touchstone of 'good cause' under Rule 16(b) is diligence.' In other words, the focus of the 'good cause' inquiry is 'on the diligence of the party seeking modification of the scheduling order.'" *Neighbors Law Firm, P.C. v. Highland Capital Mgmt., L.P.*, No. 5:09-CV-352-F, 2011 WL 238605, at *2 (E.D.N.C. Jan. 24, 2011) (unpublished) (quoting *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D. S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997)). "Rule 16(b)(4) expressly limits modification of scheduling orders to good cause and thus does not permit alteration of deadlines based upon a showing of extraordinary circumstances or in the interest of justice." *Id.* (quoting *Halpern v. Wake Forest Univ. Health Sciences*, 268 F.R.D. 264, 273 (M.D.N.C. 2010)) (internal quotation marks omitted). "Thus, a court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment).

Here, Defendants have failed to demonstrate the requisite diligence in seeking modification of the Scheduling Order. The deadline for Defendants to depose Plaintiffs' experts was July 31,

3

2014, and the deadline to serve rebuttal expert reports was September 15, 2014.[2] [DE-13] ¶ 4(d), (f); [DE-14] ¶ 3. Yet, despite these court-ordered deadlines, Defendants did not depose Plaintiffs' experts until October. *See* Defs.' Mem. [DE-18-1] at 5-10; Dep. Notice & Subpoena to Produce Docs. for Dr. Sunil Arora [DE-20-16] at 1-7 (deposition Oct. 30, 2014); Dep. Notice & Subpoena to Produce Docs. for Windy Ezzell [DE-20-17] at 1-7 (deposition Oct. 21, 2014); Dr. Mark Grieb [DE-20-18] at 1-7 (deposition Oct. 14, 2014); Dr. Jerry Sloan [DE-20-19] at 1-7 (deposition Oct. 28, 2014). In defense of their failure to timely depose Plaintiffs' experts, Defendants indicate in their reply that "the scheduling of depositions in this matter has been conducted by agreement of the parties" and that "[d]epositions and ongoing discovery were discussed in April and were delayed in part because Defendants did not receive all needed document production from Plaintiffs until June." Defs.' Reply [DE-24] at 3. Neither asserted justification has merit.

Under Rule 16(b)(4), an amendment to a scheduling order requires a showing of good cause and leave of court. Fed. R. Civ. P. 16(b)(4). Thus, the parties may not unilaterally agree to extend court-ordered deadlines without the court's consent. *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C.1987) ("[T]he scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'") (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Moreover, the fact that Defendants did not receive requested documents until June does not account for their further delay until October to take expert depositions. Finally, Defendants compounded their delay by failing to bring the instant motion until

---

[2] It is noteworthy that while the Scheduling Order provides that "[a]ny rebuttal expert reports" be served by September 15, 2014, [DE-14] ¶ 3, the parties' joint discovery plan contemplates only *Plaintiffs*' rebuttal experts, Rule [DE-13] ¶¶ 2(d), 4(f). This begs the question of whether Defendants' belated request to designate rebuttal experts is attributable to a change in litigation strategy. *See Adams v. Sch. Bd. of Hanover Cnty.*, No. 3:05CV310, 2008 WL 5070454, at *4 (E.D. Va. Nov. 26, 2008) (unpublished) (declining request to conduct additional discovery or "otherwise set aside valid and binding orders of the court, regardless of the efficacy of any new strategy counsel seeks to follow").

4

December 22, 2014—three months after Defendants contend they first learned that Megan Powell will require lifelong medical treatment, Defs.' Reply [DE-24] at 3, two months after Defendants conducted expert depositions and received further documents, and a mere eight weeks before trial. Accordingly, the court finds no good cause to allow Defendants' belated request to extend the rebuttal expert disclosure deadline where they failed to exercise diligence in conducting expert discovery and seeking modification of the Scheduling Order.

Likewise, the court finds no good cause to increase the number of depositions that may be taken or extend the time to complete depositions. Plaintiffs assert, and Defendants do not dispute, that Plaintiffs timely disclosed 39 lay witnesses in their Rule 26(a)(1) disclosures and that of those witnesses Defendants have deposed only Megan and Tim Powell and Michael Purvis (as Plaintiffs' 30(b)(6) designee and as Plaintiffs' expert witness).[3] Pls.' Resp. [DE-20] at 7. The Scheduling Order allowed each side to take 12 depositions and provided that Plaintiffs were to be deposed by May 15, 2014, and fact or damage witnesses were to be deposed by July 15, 2014. [DE-13] at ¶¶ 2(c)(iv) & 4(a), (c). All discovery closed on October 30, 2014. [DE-14] ¶ 2. Now Defendants ask the court to allow them to depose *all listed witnesses* in the Rule 26(a)(1) disclosures plus five additional unnamed witnesses—potentially more than 40 witnesses in total—when Defendants deposed only one fact witness other than Plaintiffs during the ample time allowed for fact depositions under the Scheduling Order. Defendants failed to diligently pursue fact discovery during the time allotted, then further delayed in seeking modification of the Scheduling Order. The court will not allow Defendants to now take a host of depositions, delaying the trial of this matter for

---

[3] Plaintiffs also assert that Defendants noticed the deposition of Melissa Matthews, but cancelled the deposition without informing her and when she appeared Defendants took her video statement. Pls.' Resp. [DE-20] at 3.

months, where there is no apparent justification for Defendants' failure to take these depositions within the deadlines agreed to by the parties and set by the court in the Scheduling Order.

Accordingly, having found no good cause to modify the Scheduling Order, Defendants' motion is denied; Plaintiffs' motion to strike Defendants' reply is denied as moot; and this matter remains set for trial during Judge Fox's February 17, 2015 term of court.

## B.    Plaintiffs' Motion to Compel [DE-21].

Plaintiffs ask the court to compel Defendants to supplement their responses to Plaintiffs' discovery requests. Plaintiffs served their First Set of Interrogatories and Requests for Production of Documents on Verisign on November 15, 2013, and on Kamireddy on November 22, 2013. Pls.' Mot. [DE-21] ¶ 2. On May 14, 2014, Defendants served unverified Answers and Responses to Plaintiffs' first set of discovery requests. *Id.* ¶ 3. By letter dated August 12, 2014, Plaintiffs notified Defendants of perceived deficiencies in Defendants' Answers and Responses and requested they correct these deficiencies and/or supplement their responses within ten days or they would file a motion to compel. *Id.* ¶ 4.

On June 27, 2014, Plaintiffs served their Second Set of Interrogatories and Requests for Production of Documents on Verisign and Kamireddy. *Id.* ¶ 5. On August 15, 2014, Verisign and Kamireddy served unverified Answers and Responses to Plaintiffs' second set of discovery requests. *Id.* ¶ 6. By letter dated December 11, 2014, Plaintiffs again notified Defendants that they had not addressed any of the deficiencies identified with respect to the first set of discovery requests and also identified deficiencies in Defendants' responses to Plaintiffs' second set of discovery requests, asking Defendants to correct or supplement as required. *Id.* ¶ 7. Plaintiffs further stated they would seek appropriate relief from the court if Defendants did not remedy their discovery deficiencies

6

immediately. *Id.* Defendants did not respond to Plaintiffs' request to supplement prior to the filing of the instant motion to compel. *Id.* ¶ 8.

In response to the motion to compel, Defendants assert that on January 19, 2015, they served supplemental responses to Plaintiffs' first and second sets of discovery requests. Defs.' Resp. [DE-25] at 2. However, it appears Defendants did not produce all documents requested by Plaintiffs and continue to withhold certain documents based on a variety of objections including attorney-client privilege and the work-product doctrine. *Id.* at 2-10; [DE-25-1 to -25-4].

The court first addresses the timeliness of Plaintiffs' motion to compel. While Rule 37(a) governing motions to compel does not specify a temporal requirement for the filing of such motions, "[g]enerally, absent a specific directive in the scheduling order, motions to compel discovery filed prior to the discovery deadline have been held timely." *PCS Phosphate Co. v. Norfolk S. Corp.*, 238 F.R.D. 555, 558 (E.D.N.C. 2006) (citing *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (holding that district court did not abuse discretion in denying motion to compel filed one month after discovery deadline); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001) (district court did not abuse discretion in denying motion to compel filed by defendants after discovery deadline, after a motion for summary judgment had been filed, and absent a showing by defendants of actual and substantial prejudice); *Greene v. Swain County P'ship for Health*, 342 F. Supp. 2d 442, 449 (W.D.N.C. 2004) (motion to compel filed twenty-one days after discovery deadline and six days after motion deadline deemed untimely)). Whether to grant or deny a motion to compel is generally left within the district court's "substantial discretion in managing discovery." *Lone Star Steakhouse & Saloon, Inc. v. Alpha Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

Plaintiffs have failed to timely bring their motion to compel before the court and have failed

7

to demonstrate good cause for their implicit request to reopen fact discovery. Plaintiffs first served

discovery in November of 2013, and Defendants did not respond until May of 2014. Pls.' Mot. [DE-

21] ¶¶ 2-3. Notwithstanding Defendants' dilatory response, Plaintiffs then waited three more

months, until August 12, 2104, before notifying Defendants that their responses were deficient. *Id.*

¶ 4. After serving a second set of discovery requests in June of 2014 and receiving Defendants'

responses in August 2014, Defendants waited until December 11, 2014—four months after receiving

the responses and six weeks after the October 30, 2014 discovery deadline—to notify Defendants

that their responses were deficient. *Id.* ¶¶ 5-7. The instant motion to compel was not filed for

another three weeks, more than two months after the close of discovery and a mere six weeks before

trial. Plaintiffs provide no excuse for their failure to timely bring this discovery dispute before the

court. *See English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014)

(unpublished) (denying as untimely motion to compel filed after the close of discovery), *aff'd*, 582

F. App'x 229 (4th Cir. 2014); *Sager v. Standard Ins. Co.*, No. 5:08-CV-628-D, 2010 WL 2772433,

at *1 (E.D.N.C. July 12, 2010) (unpublished) (denying as untimely motion to compel filed three

weeks after the close of discovery where plaintiff provided no reason for the delay and failed to show

good cause for the court to "essentially amend its Scheduling Order to reopen fact discovery.").

Accordingly, Plaintiffs' motion to compel is denied as untimely.

### III. CONCLUSION

For the reasons stated herein, Defendants' motion to amend the scheduling order [DE-18]

is DENIED, Plaintiffs' first motion to compel [DE-21] is DENIED, and Plaintiffs' motion to strike

8

[DE-28] is DENIED AS MOOT.

SO ORDERED, this the **26** day of January 2015.

Robert B. Jones Jr.
United States Magistrate Judge

9