IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:13-cv-00267-F

| | |
|---|---|
| MEGAN R. POWELL AND TIMOTHY B. POWELL,<br><br>Plaintiffs,<br><br>vs.<br><br>RAMESH B. KAMIREDDY AND VERISIGN, INC.,<br><br>Defendants. | **AMENDED CONSENT PROTECTIVE ORDER REGARDING USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION** |

Pursuant to Federal Rule of Civil Procedure 26, and it appearing that production of documents and other discovery, whether formal or informal, is likely to involve the disclosure of confidential information, the parties through their undersigned counsel stipulate as follows:

1. Materials Covered

This Protective Order shall apply to all information and materials disclosed during the course of the above-captioned action, by any party or non-party, including but not limited to information disclosed:

   a. during any informal discovery or production of documents that may occur through cooperation/agreement of the parties;

   b. during formal discovery;

   c. in any pleading, document, affidavit, interrogatory answer, responses to requests for admission, brief, motion, transcript, or other writing;

   d. in testimony given in a deposition, and any copies, note, abstracts, or summaries of such information; or

e.  through any manner or means of discovery or disclosure, including entry onto land or premises and inspection of books, records, documents, and tangible things.

Such information and materials shall be referred hereinafter as "Litigation Material."

2. <u>Definition of Confidentiality</u>

"Confidential" Litigation Material shall include:

a.  all Litigation Materials reflecting, referring to, or evidencing proprietary trade secrets, business plans and forecasts, financial plans and forecasts, operations plans and forecasts, all sensitive commercial, financial, or personal information which has been designated as confidential pursuant to this Stipulated Protective Order including, but not limited to, non-public persona information subject to regulation by the Gramm Leach **Bliley** Act of 1999 ("GLB") and/or by other state privacy regulations; and

b.  information of a sensitive nature the public disclosure of which would damage the personal or organizational interests of the party (or the entity or person who provided the information to the party) or unreasonably invade the personal privacy of any individual.

3. <u>Method of Designation</u>

Any party or non-party may designate as "Confidential" all or any portion of any Litigation Materials as follows:

a.  Any documents or other tangible Litigation Material produced by a party or non-party may be designated as "Confidential" at any time by either (i) stamping or

2

writing "Confidential" on such material at or before the time of production or (ii) by notifying all other parties to this agreement in writing of the producing party's claim of confidentiality at any time subsequent to the time of production. In order to provide the parties an adequate opportunity to designate Litigation Materials as "Confidential" all Litigation Material produced in this case shall be deemed "Confidential," whether or not stamped with an appropriate legend, for a period of thirty (30) days following production. **No** party shall be held in breach of this Protective Order for disclosing documents or other tangible Litigation Material to persons unauthorized to receive Confidential Litigation Material under this Protective Order if (i) such documents or other such tangible Litigation Material have not been designated as "Confidential" by the producing party and (ii) at least thirty (30) days have **passed** since the time such documents or other tangible Litigation Material were first produced. Once a party receives notice that a producing party has made a designation of confidentiality, such party shall treat the designated materials as "Confidential" in accordance with this Protective Order regardless of how much time has **passed** since the time the newly designated materials were first produced.

   b. Where only parts of Litigation Material are claimed to be confidential, counsel claiming confidentiality should designate the parts of said Material for which confidentiality is claimed, and only those parts shall be subject to this Protective Order.

4. Treatment of "Confidential" Legal Material

   a. Any person responsible for making copies of Confidential Litigation Material

3

must ensure that the copies adequately reflect the "Confidential" designation.

b. Litigation Material designated as "Confidential," including any copies, notes, abstracts, or summaries thereof shall be maintained in confidence by the person by whom such materials are produced or disclosed, and shall not be disclosed to any person except:

   i. The Court;

   ii. court reporters who record the deposition or other testimony in this case;

   iii. counsel of record to the parties in the above-captioned litigation, co-counsel of record, and the legal associates, paralegal and clerical or other support staff who are employed by such counsel and are actually involved in assisting the litigation;

   iv. parties, and those directors, officers and employees of the parties who are assisting in the litigation;

   v. experts or consultants retained by the parties or their counsel to assist counsel to prepare this case for trial;

   vi. deposition and trial witnesses to whose testimony the materials are relevant;

   vii. insurers under directors' and officers' liability policies or other insurance policies that provide or may be deemed to provide coverage for the claims asserted in this action, and counsel to such insurers; and

   viii. any other person upon the written agreement of the party or non-party who produced or disclosed the "Confidential" information (which written agreement may be recorded on a deposition or other transcript), or

pursuant to court order.

c. All persons authorized by this Protective Order to receive information from Litigation Material designated "Confidential" shall maintain such information as confidential in accordance with this Protective Order. All Litigation Material shall be used solely for the purpose of preparing for and conducting the above-captioned action, and no other litigation or potential litigation, and neither Litigation Material nor the contents thereof shall be used for any business, commercial, or competitive purposes.

d. All Litigation Material designated "Confidential" shall be kept in secure facilities, and access to this facilities shall be permitted only to those persons set forth in Paragraph 5 above as persons properly having access thereto.

e. All persons authorized to receive "Confidential" information under this Protective Order (other than the Court and the court reporters) shall be shown a copy of this Protective Order, and, if not a lawyer acting as counsel to a party or an employee of such counsel, shall, in a written and signed Certificate such as that annexed hereto as Appendix A, state that he or she has read this Protective Order and agrees to be bound by the terms thereof. Counsel of record for that party shall then retain the Certificate until the conclusion of the litigation, and shall make such Certificate available to counsel for the producing party or non-party **if** so ordered by the Court upon a showing of good cause.

5. <u>Unauthorized Disclosures</u>

In the event that the information from Litigation Materials designated "Confidential" is either advertently or inadvertently, disclosed to someone not authorized

to receive such information under this Protective Order, or if a person so authorized breaches any of his or her obligations under this Protective Order, counsel of record for the party involved shall immediately give notice of such unauthorized disclosure or breach, including a full description of all pertinent facts to counsel of record for the party who initially produced the Litigation Material. Without prejudice to other rights and remedies of the designating party, counsel for the party making the unauthorized disclosure shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information. Breach of the provisions of this Stipulated Protective Order shall be subject to ~~the~~ sanctions in the discretion of the Court, as authorized by any statute, rule, or inherent power of the Court~~, or inherent power of the Court~~.

6. Use In Court

    a. Before filing any information that has been designated "Confidential" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the

6

information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

b. ~~Prior to the trial, the Court shall order an appropriate procedure for the use at or during the course of the trial of Litigation Material designated as "Confidential" pursuant to this Protective Order that shall include notice to the opposing party before the use of any such material.~~

7. <u>Use In Depositions</u>

   a. If any Litigation Material designated "Confidential" pursuant to this Protective Order is used during the course of a deposition, the portion of the deposition record reflecting such information shall be stamped "Confidential," and access thereto shall be limited **by** the other terms of this Protective Order.

   b. A deposition witness may be shown "Confidential" materials by an attorney then conducting the examination of that witness under the following conditions

7

without any waiver of its confidential status:

> i. Any witness may be shown a document in which the witness is identified as a signatory, author, addressee, or recipient of a copy;
>
> ii. A current officer, director or employee of a party or other witness designated by a party pursuant to Rule 30(b)(6) of the North Carolina Rules of Civil Procedure may be shown any document designated as confidential by that party; **and**
>
> iii. **If** the opposing party is notified in advance of the use of the Confidential material prior to use and given an opportunity to object and raise any such objection with the Court.

c. The parties retain the right to apply to the Court for relief from the provisions of Paragraph 13 above in the event that (i) a deposition witness refuses to certify that he or she will abide by the terms of this Protective Order and (ii) the use of Litigation Material designated as "Confidential" pursuant to this Protective Order is necessary for the proper examination of such witness.

8. Objections to Confidential Treatment

If any party objects to the designation of any Litigation Material as "Confidential," the party shall state the objection with particularity by letter to the counsel for the party making the designation within 60 days after the objecting party receives a copy of the Litigation Material stamped "Confidential" or receives notice of the producing party's claim of confidentiality, whichever occurs first. If the parties are unable to resolve the objection, any party may move the Court to remove particular Litigation Material from confidential treatment. Until the Court rules on any such

8

motion, the Litigation Material shall continue to be deemed "Confidential" under the terms of this Protective Order. A party who fails to object to another party's claim of confidentiality within the 60 day period set forth immediately above shall be estopped from later objecting to such confidentiality designation.

9. Subpoena By Third-Party

If a party in possession of Litigation Material designated "Confidential" receives a subpoena from a non-party to this Protective Order seeking production or other disclosures of Confidential Litigation Material, he or she shall immediately give written notice to counsel for the party or non-party who designated the Litigation Material as "Confidential," identifying the material sought and enclosing a copy of the subpoena. Where possible, at least ten (10) days notice before production or other disclosure shall be given. In no event shall production or disclosure be made before notice is given and received.

10. Conclusion of Litigation

Within forty-five (45) days of the conclusion of this litigation by settlement or final judgment, including exhaustion of all appeals, counsel of record for the parties shall use all best efforts to secure the return of all Litigation Material designated "Confidential" (and all copies thereof and notes, abstracts or summaries made therefrom) from all persons to whom such materials were disclosed under the terms of this Protective Order, and shall either destroy all such materials or return them to counsel for the party or non-party who initially produced the Confidential Litigation Material (at that party's or non-party's option and expense), except that counsel may retain for their work product, copies of court filings and official transcripts and exhibits, provided said retained documents are kept confidential and will, along with the information contained therein, continue to be treated as provided herein.

The provisions of this Protective Order shall not terminate upon the conclusion of this action whether by settlement, judgment, or other disposition, and all appeals therefrom, and the Court will retain jurisdiction to enforce it.

11. Amendment of this Agreement

The provisions of this Protective Order may be modified at any time by stipulation of the parties approved by order of the Court. In addition, a party may at any time apply to the Court for modifications of this Protective Order pursuant to motion brought on in accordance with the rules of the Court. The parties consent to an expedited hearing upon any such application.

12. Privileged and Protected Documents

It is the intent of the parties to assert and preserve all information within the attorney-client privilege or entitled work product protection. If privileged or protected material is inadvertently disclosed, such disclosure shall not be deemed a waiver of the privilege or protection and shall in no way prejudice assertion of the privilege or protection. If a recipient is notified in writing by a designating party that discovery material was inadvertently produced containing privileged or protected information, the recipient shall, at the earliest possible moment but in no event later than forty-eight (48) hours of written notice, return that discovery material to the designating **party**, together with all copies or reproductions thereof. The recipient shall also either return to the designating party, or destroy any privileged or protected work product material derived from the inadvertently produced material. The return of claimed privileged or protected material shall not in any way waive the recipient's right to challenge the claim of privilege or protection, but such challenge shall not (i) be based, in any way, on the fact of

inadvertent production or disclosure of such material, **or** (ii) divulge the contents of the materials except to the Court under seal as provided herein.

13. Reservation of Rights

    a. Nothing in this Protective Order shall prevent any party from disclosing its own confidential information to any person as it deems appropriate, and any such disclosure shall not be deemed a waiver of any party's rights or obligations under this Protective Order.

    b. Nothing in this Protective Order shall constitute: (i) an agreement by the parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by court order; (ii) a waiver by any person or party of any right to object or seek a further protective order with respect to any discovery request in this or any other action; or (iii) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information.

    c. ~~Evidence of the existence or non-existence of a designation under this Protective Order shall not be admissible for any purpose.~~

14. Execution in Counterparts

    This Protective Order may be executed in two or more counterparts, each which shall be deemed original, but all of which shall constitute one and the same instrument.

15. Agreement of the Parties without Court Approval

    The parties and their counsel agree to be bound by the provision of this Stipulated Protective Order ~~even to the extent that some of all of the same is not approved by the Court~~.

11

16. ~~Inadvertent Production~~

~~Inadvertent production of any document or information shall be governed by Fed. R. Evid. 502 (d), and such inadvertent production shall not be viewed as a waiver of any privilege of the producing party.~~

This the 16th day of January, 2015.

/s/ JEFFREY D. KEISTER
Bar No.: 28612
MCANGUS, GOUDELOCK & COURIE, P.L.L.C.
Post Office Box 30516
Raleigh, North Carolina 27622
Phone: (919) 719-8200
Fax: (919) 510-9825
jkeister@mgclaw.com
Attorney for Ramesh B. Kamireddy and Verisign, Inc.

/s/JOHN P. BARRINGER
Bar No: 16543
MCANGUS, GOUDELOCK & COURIE, P.L.L.C.
Post Office Box 30307
Charlotte, North Carolina 28230-0307
Phone: (704) 643-6303
Fax: (704) 643-2376
john.barringer@mgclaw.com
Attorney for Ramesh B. Kamireddy and Verisign, Inc.

/s/ WILLIAM ROBERT CHERRY
Bar No.: 7655
MARSHALL, WILLIAMS & GORHAM, L.L.P.
14 South Fifth Avenue
Wilmington, North Carolina 28402
Phone: (910) 763-9891
Fax: (910) 343-8604
wrc@mwglaw.com
Attorney for Ramesh B. Kamireddy

/s/ A. CHARLES ELLIS
Bar No.: 010865
Email: ace@wardandsmith.com
Lynwood P. Evans
Bar No.: 026700
Email: lpe@wardandsmith.com
WARD AND SMITH, P.A.
Post Office Box 8088
Greenville, North Carolina
Phone: (252) 215-4000
Fax: (252) 215-4077
Attorney for Plaintiffs

IT IS SO ORDERED.

Entered this **26** day of **January**, 2015.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

## APPENDIX A

The undersigned, _____ (print or type name), under oath, hereby acknowledges that s/he received a copy of the Stipulated Protective Order Regarding Use and Disclosure of Protected Information in the matter of *Megan R. Powell and Timothy B. Powell v. Ramesh B. Kamireddy and VeriSign, Inc.*, Case No. 7:13-cv-00267-F (Southern Division, Eastern District of North Carolina, United States District Court), has read and understand fully, and agrees to be bound by, the provisions thereof.

_____
(Sign Name)

The foregoing document was sworn to and subscribed before me this _____ day of _____, 2015.

_____
(Signature of Notary Public)

_____
(Printed Name of Notary Public

Commission Expires: _____

13